# COURT OF COMMON PLEAS OF BALTIMORE CITY

Filed September 24, 1894.

JULIUS GRABREUS

VS.

JACOB KLEIN AND DANIEL A. KLIEN, TRADING AS KLIEN BROTHERS.

*Highland P. Stewart* for plaintiff.

*Alfred S. Niles* and *Oscar Wolff* for defendant.

PHELPS, J.—

The question of negligence is always a question for the jury, unless there is no dispute about the facts that constitute the negligence. Where there is any dispute as to the facts from which the negligence is sought to be inferred it is for the jury to decide that question, and where there is no dispute as to the facts from which the negligence is sought to be inferred, then it is not only the right, but the duty of the Court to decide that question as a question of law growing out of undisputed facts. That has always been the law in this State, and in every other State, and in England. It has been recognized as law by all the Courts, and, in this State by a recent act of the legislature.

Negligence, being the want of ordinary care, is a matter that depends upon the circumstances of each particular case. There is no arbitrary principle of law which settles what negligence is. It must be determined according to the situation, to the surrounding circumstances of the particular case, and upon the principle that a man is expected, and required, to exercise that degree of skill and prudence in taking care of himself that is ordinarily exercised by people of the same condition in the same situation and under similar circumstances. Children are not expected to use the same amount of care older persons are. Deaf people and blind people always have allowances made for their infirmities. But a grown man, a man possessed of all his faculties, not deaf, not blind, when he comes into a Court of justice has to be sized up according to the qualities he is shown to possess, and according to the sort of man he is shown to be.

The question is whether in this particular instance the unfortunate gentleman who has been injured is in a position to unload the consequences of his disaster upon somebody else, and that raises at once the question whether he could have avoided those consequences by the exercise of ordinary care, that is, by the practice of that sort of prudence and that degree of diligence, and that amount of skill, which he had at his command, and which could only be expected and required from people of the same sort under similar circumstances. The same amount of care and attention that would be sufficient on an unobstructed country road is not the kind of care and attention that is expected and required in a crowded city, and the same principle may be said to apply as between one street and another. More care is required in driving along an obstructed street where vehicles are in sight, and where obstacles are in view, than along an unobstructed highway or a street. These are the general principles ap-

plicable to cases of this kind. In the first place the Court is required to look at the facts, secondly in looking at the facts the Court is required to see whether the plaintiff, before he can be permitted to visit the consequences of his misfortune on another, has himself exhibited ordinary care, if he has done those things, and taken that care of himself which an ordinarily skillful driver, which this plaintiff has been shown to be, paying that kind of attention which the situation and circumstances required, would have done and exercised. In looking at this case in that light, the very natural question at once occurs, why could not the plaintiff have used the whip which he had in his hand, when he saw the mule advancing upon him in such a way as to have slightly changed its course, if but a few inches, and thus have avoided the accident. I am unable to answer the question why he couldn't have done that. It may be said he had no business to drop his lines, but why could he not have shifted his lines, if necessary, from one hand to the other long enough for that purpose? A mule, dragging a heavy cart, loaded with bricks, did not travel at such velocity as to preclude his doing that. Not saying anything at all about the position the plaintiff's wagon was in, but conceding it was going in a safe position, saying nothing about the position in which the man placed himself, whether he ought to have been on his leader, driving his team from his horse's back, or near the wheel horse on the ground. Whether he ought to have been in that position or in some other position, as I said before, I cannot satisfactorily answer in my own mind the question why he could not, by the use of his whip, have relieved himself from the danger which threatened him, or why he could not, if the mule had been insensible to that sort of treatment have awarded him off by other means.

That being the state of the case, in my opinion, recognizing a long series of cases recognized and reaffirmed by recent legislative enactment, I consider it my duty to grant the defendant's prayer, which is as follows:

The defendants pray the Court to instruct the jury that on the undisputed testimony offered by the plaintiff the negligence of the said plaintiff directly contributed to the injury complained of and their verdict must be for the defendants.

That relieves you, gentlemen, from further consideration of the case, and under the instruction of the Court you will render a verdict for the defendant. If there is any error in the Court's instruction it will be corrected elsewhere.